IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TOMMY SHARP and
NICK JOHNSON,

      Plaintiffs,

v.                                                                  No. 1:19-cv-00986-MV-LF

MICHELLE LUJAN GRISHAM,
HECTOR BALDERAS,
MAGGIE TOULOUSE-OLIVER,
BRIAN S. COLON,
TIM EICHENBERG,
HOWIE MORALES,
JOSEPH BADAL,
WENDY TREVISANI,
MICHAEL S. SANCHEZ,
OLIVIA PADILLA-JACKSON,
ASHLEY LEACH,
MARCOS B. TRUJILLO,
PAUL CASSIDY,
NEW MEXICO BOARD OF FINANCE, and
THE STATE OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiffs' RICO Act Complaint, Doc. 1, filed October 21, 2019 ("Complaint"), on Plaintiffs" Applications to Proceed in District Court Without Prepaying Fees or Costs, Docs. 4-5, filed October 21, 2019 ("Applications"), and on Plaintiffs' Motion for Emergency Writ of Mandamus, Doc. 6, filed October 21, 2019.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement setting forth all assets that the person possesses and stating that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating that he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $824.00; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $1,036.00; and (iv) Plaintiff has $500.00 in cash and $500.00 in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly expenses exceed his monthly income, he is unemployed, and he has very little money in cash and in a bank account.

The Court grants Plaintiff Sharp's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating that he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's monthly income is $296.00; (ii) Plaintiff is unemployed; (iii) Plaintiff's monthly expenses total $390.00; and (iv)

Plaintiff has $300.00 in cash and $130.00 in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because his monthly expenses exceed his monthly income, he is unemployed, and he has very little money in cash and in a bank account.

**Dismissal of Proceedings *In Forma Pauperis***

Plaintiffs are proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.").

The Complaint states:

> Be it known by these presents that the named above elected servants of the State of New Mexico and various district, county, and municipal subsidiaries, functionaries, and minions of the same, are hereby attested against and charged with sundry crimes and misdemeanors against We the People of the United States of America and the citizens of the State of New Mexico.

Complaint at 2. Plaintiffs "formally accuse" and "charge" Defendants with crimes pursuant to the following:

- (i) 18 U.S.C. § 1346, Definition of "scheme or artifice to defraud."
- (ii) 18 U.S.C. § 371, Conspiracy to commit offense or to defraud United States.
- (iii) 18 U.S.C. § 201, Bribery of public officials and witnesses.
- (iv) 18 U.S.C. § 1962, Prohibited [racketeering] activities.
- (v) 18 U.S.C. § 1425, Procurement of citizenship or naturalization unlawfully.
- (vi) 18 U.S.C. § 1621, Perjury generally.

(vii) 18 U.S.C. § 2381, Treason.

(viii) 18 U.S.C. § 2383, Rebellion or insurrection.

(ix) U.S. Const. art. IV § 4.[1]

(x) 18 U.S.C. § 2384, Seditious conspiracy.

(xi) 18 U.S.C. § 2385, Advocating overthrow of Government.

(xii) U.S. Const. amend. II.

(xiii) 18 U.S.C. § 1031, Major fraud against the United States.

(xiv) 18 U.S.C. § 2382, Misprision of treason.

(xv) State of New Mexico law.

Complaint at 2-5. Plaintiffs seek the following relief:

(i) "immediate removal of all Defendants from political office by court order and/or force if necessary."

(ii) "installation of an interim government provided by the US Marines until elections are held to install elected officials with legal authority to perform the duties of office."

(iii) "damages for all citizens of the State of New Mexico by the State of New Mexico forgiving all obligations and debts of the citizens of the State of New Mexico."

(iv) "the personal assets of the Defendants and all other state elected officials be immediately seized and appropriately confiscated and forfeited to pay damages."

---

[1] "The United States shall guarantee to every State in this Union a Republican Form of Government, and shall protect each of them against Invasion; and on Application of the Legislature, or of the Executive (when the Legislature cannot be convened) against domestic Violence."

(v) "Federal criminal charges be established and enthusiastically pursued against all elected officials who have not met the personal surety bond requirement."

Complaint at 6-7.

The Court dismisses Plaintiffs' federal law claims for failure to state a claim because they seek to compel enforcement of federal criminal law. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Having dismissed all of Plaintiffs' federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

**Motion for Emergency Writ of Mandamus**

Plaintiffs filed a motion for Emergency Writ of Mandamus requesting that the Court "contact the President of the United States for assistance, immediately today, and request the President to use his federal authorities stated above for the purpose of taking control of the State of New Mexico government and returning it to the people." Doc. 6 at 2. Because it is dismissing this case, the Court denies Plaintiffs' Motion for Emergency Writ of Mandamus as moot.

**IT IS ORDERED** that:

(i) Plaintiff Nick Johnson's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed October 21, 2019, is **GRANTED.**

(ii) Plaintiff Tommy Sharp's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed October 21, 2019, is **GRANTED.**

(iii) This case is **DISMISSED** as follows: Plaintiffs' federal law claims are dismissed with prejudice. Plaintiffs' state law claims are dismissed without prejudice.

(iv) Plaintiffs' Motion for Emergency Writ of Mandamus, Doc. 6, filed October 21, 2019, is **DENIED as moot.**

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**